**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 22, 2023

LETTER TO COUNSEL

RE:   *Ellen C. v. Commissioner, Social Security Administration*
       Civil No. SAG-22-1698

Dear Counsel:

On July 8, 2022, Plaintiff Ellen C. petitioned this Court to review the Social Security Administration's ("SSA's," "Commissioner's," or "Defendant's") final decision to deny her claim for Supplemental Security Income Benefits. ECF 1. I have considered the record in this case, the parties' cross-motions for summary judgment, and Plaintiff's reply brief.[1] ECFs 9, 11, 13, and 14. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff protectively filed her claim for benefits on August 29, 2019, alleging a disability onset date of November 24, 2018. Tr. 12, 165–73. Her claim was denied initially and on reconsideration. Tr. 83–86, 93–94. On May 21, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 29–55. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12–24. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairments of "vestibular neuritis (vertigo), degenerative disc disease of the cervical spine, anxiety, and depression." Tr. 14. Despite

---

[1] The Court acknowledges Standing Order 2022-04 amending the Court's procedures regarding Social Security appeals to comply with the Supplemental Rules for Social Security Actions under 42 U.S.C. § 405(g), which became effective December 1, 2022. Under the Standing Order, the nomenclature of parties' filings has changed to "briefs" from "motions for summary judgment." Because Plaintiff's motion in this case was filed prior to the effective date of the Standing Order, and because Defendant's filing is docketed as a motion, the Court will refer to them as motions for summary judgment.

*Ellen C. v. Commissioner, Social Security Administration*
Civil No. SAG-22-1698
February 22, 2023
Page 2

these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> medium work as defined in 20 CFR 416.967(c) except she is frequently able to climb ramps or stairs, never able to climb ladders, ropes, or scaffolds, and occasionally able to balance. She is frequently able to stoop, kneel, crouch, or crawl. She is able to work at a position which allows for the wearing of corrective/prescription eyeglasses or lenses. She is to avoid work at unprotected heights or requiring operation of moving machinery (i.e. forklifts) or commercial driving. She is able to avoid ordinary workplace hazards. She is to avoid concentrated exposure to vibration. She is able to carry out simple instructions and routine, repetitive tasks. She is to avoid work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the others). She is able to perform work activities for up to two hours at a time but would then become distracted, causing the individual to be off task. However, time off task can be accommodated with normal breaks. She is occasionally able to change activities or work settings during the workday without it being disruptive. She is occasionally able to deal with changes in a routine work setting. She is able to have frequent interaction with co-workers and/or the general public.

Tr. 17–18. The ALJ determined that Plaintiff had no past relevant work but could perform other jobs that existed in significant numbers in the national economy, including linen room attendant, day worker, and bundler. Tr. 23–24. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 24.

Plaintiff raises two arguments on appeal, specifically that the ALJ erroneously: (1) evaluated medical opinions contained in Plaintiff's record; and (2) evaluated Plaintiff's subjective complaints. ECF 11-1, at 16–25. Defendant counters that the ALJ properly evaluated the medical opinions under the prevailing regulations and that the ALJ likewise properly evaluated Plaintiff's subjective complaints. ECF 13-1, at 5–17.

First, Plaintiff argues that "the ALJ failed to properly evaluate the persuasive value of the medical source opinion authored by primary care physician, Dr. Lauren Drake." ECF 11-1, at 17. For claims filed after March 27, 2017, an ALJ must follow certain procedures when assessing the weight to which medical opinions are entitled. *See* 20 C.F.R. § 416.920c. An ALJ is required to articulate in the decision how persuasive he finds each medical opinion. *Id.* § 416.920c(b). Supportability and consistency are the most important factors when considering the persuasiveness of medical opinions. *Id.* § 416.920c(b)(2). Therefore, the ALJ "will explain how [he] considered the supportability and consistency factors for a medical source's medical opinions . . . in [the] . . . decision." *Id.* Supportability generally refers to "the objective medical evidence and supporting explanations provided by a medical source." *Id.* § 416.920c(c)(1). Consistency generally refers to the consistency between the opinion and "the evidence from other medical sources and nonmedical sources in the claim." *Id.* § 416.920c(c)(2). ALJs also consider other factors

*Ellen C. v. Commissioner, Social Security Administration*
Civil No. SAG-22-1698
February 22, 2023
Page 3

enumerated in the regulations, and they "may, but are not required to," explain that consideration in the decision. *Id.* § 416.920c(b)(2).

Here, the ALJ began his evaluation of Dr. Drake's physical medical source statement by summarizing Dr. Drake's conclusions. Tr. 22–23 (citing Tr. 572–74). The ALJ then concluded that Dr. Drake's opinion "has little persuasive value to the extent that it is consistent with the medical evidence of record and file as a whole." Tr. 23. The ALJ's entire explanation for this conclusion is one sentence: "There is little objective findings and limited treatment to date, she can perform significant activities of daily living, including taking care of family, she is not using an assistive device for ambulation[,] and is still driving, etc." *Id.* (citing hearing testimony and Tr. 547–48). The medical record citation refers to psychiatric treatment records from a February 9, 2021, visit to MedStar Behavioral Health. *See* Tr. 547–48. Those records from a mental health evaluation reflect Plaintiff's statement about "how hard it is trying to live with and care for her 3 adult children, her own boyfriend and her mother who all live in one home." Tr. 547. It is unclear how this statement about the mental health stress inherent in a large household reflects "significant activities of daily living" or a greater physical capacity, without any indication about what Plaintiff must do to "care for" the various adults residing with her.

This case is similar to *Adrianna S. v. Comm'r, Soc. Sec. Admin.*, where this Court remanded because the ALJ improperly discredited a medical source's opinion based on inconsistent physical findings while "fail[ing] to address the treating source's findings regarding Plaintiff's non-exertional and mental limitations" despite Plaintiff's mental limitations being "the primary basis for the treating source's opinion." No. SAG-20-3136, 2022 WL 112034, at *2 (D. Md. Jan. 12, 2022). Here, in finding Dr. Drake's opinion—which evaluated Plaintiff's physical abilities—of little persuasive value, the only medical record cited by the ALJ is a single psychiatric treatment record. The ALJ does not address how Dr. Drake's opinion comports with any of the medical evidence relating to Plaintiff's physical limitations. *See, e.g.*, Tr. 242–46 (neurological examination by Dr. Tourkevich), 431–49 (ATI Physical Therapy records), 575–78 (otology examination by Dr. Agrawal).

The ALJ suggests that Plaintiff's reported activities of daily living are inconsistent with Dr. Drake's findings but does not explain how so. At the hearing and as noted in the ALJ's summary of Plaintiff's testimony, Plaintiff testified to the extensive challenges she faces related to her balance and coordination because of a recurring "weird swinging feeling in [her] head that things in [her] room are moving." Tr. 18, 37–41. She testified that she cannot go anywhere by herself, Tr. 38, that someone is always at home with her, Tr. 42, and that when she goes to the grocery store, someone goes with her, Tr. 46–47. Plaintiff testified that she can do some household chores "when [she] can do it," but it takes her a long time, she sometimes has to sit down, and the rest of her household helps out. Tr. 43, 47. Though Plaintiff testified that she does not use her cane, Tr. 46, she also testified to regularly needing to hold onto walls, railings, or people. Tr. 41 ("I have to sometimes hold onto the walls, you know, to keep my balance."), 48 ("I hold onto my daughter or my mother's arm and I get a cart that way and then, you know, then I'm able to, you know, walk from the car to the store . . . after I park the car."), *id.* ("I have to hold onto the railing . . . or the wall [when going up and down stairs].") It is unclear to the undersigned, and the ALJ

*Ellen C. v. Commissioner, Social Security Administration*
Civil No. SAG-22-1698
February 22, 2023
Page 4

does not explain, how Dr. Drake's medical opinion is unsupported by or inconsistent with this testimony about Plaintiff's activities of daily living.

Because the ALJ failed to adequately explain the supportability and consistency of Dr. Drake's medical opinion, I am unable to determine whether the ALJ's conclusion is supported by substantial evidence. Accordingly, remand is warranted.

Because the case is being remanded on other grounds, I need not address Plaintiff's second argument regarding the ALJ's failure to properly assess Plaintiff's subjective complaints. On remand, the ALJ can consider this argument and make any required adjustments to the opinion.

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF 11, is DENIED and Defendant's Motion for Summary Judgment, ECF 13, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/
Stephanie A. Gallagher
United States District Judge