**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 12, 2023

LETTER TO ALL COUNSEL OF RECORD

Re:   *Ellen C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
      Civil No. 22-1698-SAG

Dear Counsel:

Before the Court is Plaintiff's motion seeking payment of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $7,392.99. ECF 17, at 1. The Commissioner opposes the request, ECF 20, and argues that a more appropriate award would total $5,264.71,[1] ECF 22, at 1. Plaintiff filed a reply reiterating the initial request. ECF 21, at 12. Defendant filed a Motion to Amend/Correct Response in Opposition, correcting a mathematical error and withdrawing her objection to 3.47 hours of paralegal time for which Plaintiff's counsel did not bill. ECF 22. For the reasons noted below, Plaintiff's Motion for Attorney's Fees will be GRANTED IN PART and DENIED IN PART, and Plaintiff will be awarded $5,824.78 in attorney's fees.[2]

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses, unless the Court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment. *Crawford*, 935 F.2d at 656 (citing 28 U.S.C. § 2412)).

Once the District Court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, it must undertake the "task of determining what fee is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002); (quoting *INS v. Jean*, 496 U.S. 154, 161 (1990)). Counsel "should submit evidence supporting the hours worked," and exercise "billing judgment" with respect to hours worked. *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (emphasis in original) (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). Further, the District Court is accorded "substantial discretion in fixing the amount of an EAJA award," but is charged with the ultimate duty to ensure

---

[1] Defendant filed a Motion to Amend/Correct Response in Opposition and clarified that its initial proposed fee award of $4,285.93 was based on a mathematical error. ECF 22, at 1.

[2] Defendant's Motion to Amend/Correct Response in Opposition is also GRANTED.

*Ellen C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-1698-SAG
July 12, 2023 Letter Opinion
Page 2

that the final award is reasonable. *Hyatt*, 315 F.3d at 254 (quoting *Jean*, 496 U.S. at 163).

The Commissioner does not dispute that Plaintiff qualifies for attorney's fees under the EAJA. ECF 20, at 1. The Commissioner agrees with Plaintiff's proposed hourly rates of $224.03 per hour for attorney work and $100 for paralegal work. *Id*. at 1; *see also* ECF 17-2, at 3-4 (noting rates). The Commissioner contends, however, that Plaintiff seeks compensation for tasks that were "not reasonably expended and are not properly billable." ECF 20, at 1. The Commissioner alleges that the requested fee award "is well outside the 'heartland' of recent fee awards in this District for similar cases." *Id.* at 3 (citing *Duane H. v. Comm'r*, Civ. No. JMC-20-3673, 2022 WL 2532425, at *2 (D. Md. July 7, 2022)). I will address the Commissioner's objections below.

The Commissioner argues that Plaintiff improperly seeks fees for drafting sixteen pages of text including a "procedural section, medical evidence, medical opinions, and contentions." ECF 20, at 5. The Commissioner cites to *Timothy M. v. Commissioner* and argues that that the practice of including a detailed synopsis of medical records in a brief has been "critiqued . . . in strong terms" by judges in this district. ECF 20, at 5 (citing *Timothy M.*, Civ. No. 8:19-cv-00084-DLB, at 2 (D. Md. Feb. 5, 2020), ECF 23). The Commissioner suggests a reduction in of 6.75 hours to account for "the inefficiency and protracted time spent providing a lengthy and detailed recitation of facts which this Court has said is of little assistance." *Id.* at 20. Plaintiff responds that "the local rules provide no guidance as to the Court's preference for the length or format of the statement of facts" and therefore Plaintiff "briefed the case consistent with briefing practices in this court and every other district court nationwide that does not have more specific briefing requirements." ECF 21, at 8.

While the Local Rules may be silent as to the requirements for a Social Security brief, "[i]t is well known in this District that a 'detailed synopsis of the medical evidence of record . . . provides little assistance to the Court's adjudication.'" *Melissa B. v. Kijakazi*, Civ. No. 22-661-BAH, 2023 WL 2307146, at *2 (D. Md. Feb. 28, 2023) (citing *Baylis v. Colvin*, Civ. No. SAG-11-3674, 2014 WL 2738274, at *3 (D. Md. June 13, 2014)); *see also April J. v. Kijakazi*, Civ. No. 21-1584-BAH, 2022 WL 4017381, at *3 (D. Md. Sept. 2, 2022).[3] As in *Melissa B.*, a significant portion of "Plaintiff's memorandum amounts to an index of Plaintiff's medical conditions, a largely clerical task that courts have declined to find compensable under the EAJA." *Melissa B.*, 2023 WL 2307146, at *2 (citing *Hooper v. Saul*, Civ. No. 3:20-CV00074-FDW, 2021 WL 2188240, at *2 (W.D.N.C. May 28, 2021)). Other portions of Plaintiff's factual summary recite the testimony from the hearing before the Administrative Law Judge ("ALJ"), or literally cut and paste from the ALJ's opinion. Further, portions of the medical record were again included in Plaintiff's argument. *See Melissa B.*, 2023 WL 2307146, at *2 ("I also see little distinction between where counsel seeks compensation for the review of medical information in the record and where that information is then added to Plaintiff's brief as argument."). Compounding the problem, Plaintiff's timesheets fail to shed light on what time was spent drafting specific sections,

---

[3] Counsel for Plaintiff has appeared in over forty (40) cases in this District, and thus should be familiar with this Court's practice of discounting fee petitions that seek recovery for lengthy recitations of medical evidence included elsewhere in the record.

*Ellen C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-1698-SAG
July 12, 2023 Letter Opinion
Page 3

instead noting up to 11.75 hours of time spent "drafting of Facts (SOFs)," "drafting SOFs," "adding to SOFs," and more. ECF 17-3, at 1. At minimum, Plaintiff has failed to explain what portion of these hours are devoted to what specific tasks. *See League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997) ("Litigants take their chances by submitting fee applications that are too vague to permit the district court to determine whether the hours claimed were reasonably spent."); *CoStar Grp., Inc. v. LoopNet, Inc.*, 106 F. Supp. 2d 780, 788 (D. Md. 2000) ("A fee applicant has the burden of proving hours to the district court by submitting contemporaneous time records that reveal all hours for which compensation is requested and how those hours were allotted to specific tasks."). Thus, and in accordance with the long-standing practice in this District, I decline to award compensation for the entirety of Plaintiff's brief and will reduce the requested hours by five (5), from a total of 11.75 hours to 6.75 hours.

The Commissioner argues that Plaintiff's billing of an hour and thirty minutes to "review/revise case initiating documents" is excessive since "[t]his Court has held that there should be no time billed for the preparation of a complaint." ECF 20, at 5 (citing *April J.*, 2022 WL 4017381, at *3). Plaintiff counters that though it is true that the District provides a template for the filing of a complaint and thus "routinely reduces or eliminates fees for preparation of the complaint," compensation is nonetheless appropriate because counsel has chosen to draft and file an original complaint. ECF 21, at 10. While counsel is free to reject the "form complaint" utilized by most Social Security plaintiffs in this District, counsel is not entitled to additional compensation for doing so. *See Sheridan v. Colvin*, Civ. No. JKB-15-10, 2015 WL 5897735, at *2 (D. Md. Oct. 5, 2015) ("Mr. Sheridan's counsel filed a more complex four page Civil Complaint, which contains additional factual information about his case, but the additional information is the type that could be filled in by a clerical employee" and thus is "disallowed as clerical work."). Plaintiff's request will be reduced by a half hour (0.5 hours) of attorney time.

The Commissioner also challenges Plaintiff's effort to recover for "7.75 hours" for the drafting of a reply (ECF 14) to the Commissioner's motion for summary judgment (ECF 13). ECF 20, at 7. The Commissioner claims that compensation should be limited to 6 hours because the filing "is largely duplicative and addresses the same issues raised in the opening brief." *Id.* Plaintiff counters that the reply is a "point by point rebuttal of Defendant's arguments, focusing solely on Defendant's argued points." ECF 21, at 10–11. The Commissioner is correct that a portion of the reply essentially repeats the contentions raised in Plaintiff's opening brief. However, such repeat arguments are not excessive, and the brief generally serves to counter the arguments raised by the Commissioner in her motion for summary judgment. As such, I will reduce the compensation for the reply by only one hour and permit compensation for 6.75 hours spent drafting and revising the reply.

Finally, the Commissioner seeks a reduction of 30 minutes (from one hour) for the drafting of Plaintiff's fee petition. ECF 20, at 7. Plaintiff confusingly counters with an argument addressing the drafting of the complaint, not the EAJA fee petition. ECF 21, at 11 ("Plaintiff did not bill 1.0 hours for preparing the complaint, but instead billed the very .5 hours that Defendant argues Plaintiff should be paid."). The time sheets submitted by Plaintiff clearly reflect an attempt

*Ellen C. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 22-1698-SAG
July 12, 2023 Letter Opinion
Page 4

to recover a full hour for the "draft[ing of the] [f]ee [p]etition" and accompanying motion. ECF 17-3, at 2. "The EAJA fee petitions are near-identical in every case, with the exception of dates, amounts, and a single paragraph describing the outcome of the case." *Sheridan*, 2015 WL 5897735, at *2. "This Court has determined that '0.5 hours is a closer approximation of the non-clerical work that goes into tailoring an EAJA fee petition for each case.'" *Sykes v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-16-898, 2017 WL 1956852, at *2 (D. Md. May 10, 2017) (quoting *Talmo v. Colvin*, Civ. No. ELH-14-2214, 2015 WL 5897707, at *2 (D. Md. Oct. 5, 2015)). Accordingly, I will remove 0.5 hours from the time billed for preparation of the EAJA fee petition.

With the above-noted reductions of 7 attorney hours, Plaintiff's requested compensation is reduced by $1,568.21 (7 × $224.03). The result is a final award of $5,824.78 ($7,392.99 – $1,568.21). Despite this reduction, counsel is advised that EAJA petitions of the reduced amount awarded still falls "significantly above the heartland of (and is sometimes more than double . . . the amount of) recent EAJA fee awards in cases presenting in a similar procedural posture." *Shecona W. v. Kijakazi*, Civ. No. 21-819-SAG, 2023 WL 195471, at *3 (D. Md. Jan. 17, 2023) (quoting *Duane H.*, 2022 WL 2532425, at *2) (awarding $4,941.85); *see also Catisha W. v. Kijakazi*, Civ. No. 21-1567-BAH, 2022 WL 16839564, at *3 (awarding $4,500.47 on November 9, 2022); *Duane H.*, 2022 WL 2532425, at *2 (awarding $4,836.00 on July 7, 2022); *Sheree Yvette T. v. Comm'r, Soc. Sec. Admin.*, Civ. No. BAH-20-2374 (D. Md. June 6, 2022) (awarding $4,538.22); *Yuvetta P. v. Comm'r, Soc. Sec. Admin.*, Civ. No. JMC-21-368 (D. Md. May 16, 2022) (awarding $2,136.03); *Gregory J. v. Comm'r, Soc. Sec. Admin.*, Civ. No. JMC-21-236 (D. Md. May 18, 2022) (awarding $2,246.14); *Tracy B. v. Comm'r, Soc. Sec. Admin.*, Civ. No. BAH-22-183 (D. Md. June 1, 2022) (awarding $1,500.00); *Margaret C. v. Comm'r, Soc. Sec. Admin.*, Civ. No. SAG-21-859 (D. Md. June 1, 2022) (awarding $4,700.00); *Taneicia L. v. Comm'r, Soc. Sec. Admin.,* Civ. No. BAH-21-2347 (D. Md. June 23, 2022) (awarding $4,093.70); *Wendy O. v. Comm'r, Soc. Sec. Admin.,* Civ. No. BAH-21-1614 (D. Md. June 23, 2022) (awarding $4,526.92); *Ashley F. v. Comm'r, Soc. Sec. Admin.,* Civ. No. BAH-21-872 (D. Md. June 27, 2022) (awarding $2,718.68); *Darrell L. v. Comm'r, Soc. Sec. Admin.,* Civ. No. BAH-21-744 (D. Md. June 27, 2022) (awarding $2,168.16); *Michael T. v. Comm'r, Soc. Sec. Admin.,* Civ. No. BAH-21-2050 (D. Md. June 22, 2022) (awarding $4,325.65); *Christy Y. v. Comm'r, Soc. Sec. Admin.,* Civ. No. BAH-21-2330 (D. Md. June 23, 2022) (awarding $4,242.32); *Melissa Ann B. v. Comm'r, Soc. Sec. Admin.,* Civ. No. BAH-21-929 (D. Md. June 22, 2022) (awarding $4,460.20).

Plaintiff's counsel is also advised that future petitions should include a clearer summary of hours expended, preferably in one sheet for attorney hours and one for paralegal hours. Counsel should also ensure that tasks are properly described in sufficient detail to withstand a challenge.

A separate implementing Order follows.

Sincerely,

/s/

Stephanie A. Gallagher
United States District Judge